Abimael SANTIAGO, Petitioner–
Appellant,

v.

SECRETARY, FLORIDA DEPART-
MENT OF CORRECTIONS, Attorney
General, State of Florida, Respon-
dents–Appellees.

No. 11–13501
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 5, 2012.

Abimael Santiago, Lowell, FL, pro se.

Robin A. Compton, Pam Bondi, Office of
the Attorney General, Daytona Beach, FL,
for Respondents–Appellees.

Before TJOFLAT, BARKETT and
KRAVITCH, Circuit Judges.

PER CURIAM:

Abimael Santiago, a Florida prisoner
proceeding *pro se*, appeals the district
court's denial of his petition for a writ of
habeas corpus filed pursuant to 28 U.S.C.
§ 2254. Santiago was convicted in Florida
of trafficking in heroin, conspiring to traf-
fick in heroin, and delivering heroin, and
was sentenced to a cumulative total of
twenty-five years' imprisonment. After
his conviction was affirmed and his motion
for postconviction relief was denied in
state court, Santiago filed his federal peti-
tion for a writ of habeas corpus, which was
denied by the district court. Santiago now
appeals the judgment of the district court,
arguing that his trial counsel rendered in-
effective assistance under *Strickland v.
Washington*, 466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984), by failing to request
lesser-included-offense jury instructions as
to the drug trafficking and conspiracy
charges.

In order to prevail on his claim that his
trial counsel was constitutionally ineffec-
tive, Santiago must show that his trial
counsel's performance fell below an objec-
tive standard of reasonableness measured
by prevailing professional norms, and that
this deficiency prejudiced the defense.
*See Strickland*, 466 U.S. at 687–88, 104
S.Ct. 2052. Under 28 U.S.C. § 2254(d),
we may grant the writ of habeas corpus
only if the Florida appellate court's deci-
sion denying Santiago relief on his *Strick-
land* claims "was contrary to, or involved
an unreasonable application of" *Strickland*,
or "was based on an unreasonable determi-
nation of the facts in light of the evidence
presented in the State court proceeding."
28 U.S.C. § 2254(d) (2006).

Santiago contends that, had his trial
counsel requested a lesser-included-offense
instruction as to the offenses of trafficking
and conspiracy, the jury might have elect-
ed to convict him of the lesser offenses
notwithstanding that the evidence sup-
ported his conviction for the greater of-
fenses. However, under Florida law, a
jury is permitted to convict of a lesser
included offense "*only* if it decides that the
main accusation has not been proved be-
yond a reasonable doubt." *Sanders v.
State*, 946 So.2d 953, 958 (Fla.2006) (inter-
nal quotation marks omitted). *Strickland*
requires that we assume the jury in Santi-
ago's trial followed this rule of law.
*Strickland*, 466 U.S. at 694, 104 S.Ct. 2052
("[A] court should presume, absent chal-
lenge to the judgment on grounds of evi-
dentiary insufficiency, that the judge or

jury acted according to law. An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of ... 'nullification[.]' "). The jury in Santiago's trial concluded that the evidence against him supported his conviction for the greater offenses on which it was instructed; therefore, even if the lesser-offense instructions had been given, the jury would not have been permitted to convict Santiago of the lesser included offenses because it had concluded that the evidence established that he was guilty of the greater offenses. *See Sanders,* 946 So.2d at 958. Accordingly, we cannot say that the Florida appellate court unreasonably applied *Strickland* in concluding that Santiago's counsel's failure to request the lesser included offense instructions did not prejudice his defense.

**AFFIRMED.**